IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:11-cv-789 |
| | § | |
| (1) 2008 INFINITY M35, VIN JNKAY01EX8M605430; | § | |
| (2) $214,070.62 IN UNITED STATES CURRENCY; | § | |
| (3) CASHIER'S CHECK FOR $93,067.84 FROM COMPASS BANK ACCT. NUMBER XXXX3654; | § | |
| (4) CASHIER'S CHECK FOR $51,881.91 FROM COMPASS BANK ACCT. NUMBER XXXX7342; | § | |
| (5) CASHIER'S CHECK FOR $300,000.00 FROM PERSHING LLC/SANDERS MORRIS HARRIS INC. ACCT. NUMBER XXX-XX1129; | § | |
| (6) CASHIER'S CHECK FOR $30,000.00 FROM PERSHING LLC/SANDERS MORRIS HARRIS INC. ACCT. NUMBER XXX-XX3794; and | § | |
| (7) CASHIER'S CHECK FOR $6,000.00 FROM PERSHING LLC/SANDERS MORRIS HARRIS INC. ACCT. NUMBER XXX-XX2987. | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States brings this complaint and alleges as follows:

Nature of the Action

1.  This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

Defendant In Rem

2.  The defendant property consists of:

    a.  A 2008 Infinity M35, VIN JNKAY01EX8M605430 ("Defendant Vehicle") seized by the U.S. Drug Enforcement Administration ("DEA") at the residence of

**Verified Complaint–Page 1**

Habiboola Niamatali ("Niamatali") and Shirley Niamatali, located at 10003 Hickory Crossing, in Dallas, Texas ("Niamatali Residence").  Defendant Vehicle is now in the custody of the U.S. Marshals Service.

    b. $214,070.62 in United States Currency that was seized by DEA on June 15, 2011, from the master bedroom suite of the Niamatali Residence and from a purse located in the living room of the Niamatali Residence; $93,067.84 and $51,881.91 in cashier's checks from Compass Bank account numbers XXXX3654 and XXXX7342, respectively; and $300,000.00, $30,000.00 and $6,000.00 in cashier's checks from Pershing LLC/Sanders Morris Harris Inc. account numbers XXX-XX1129, XXX-XX3794 and XXX-XX2987, respectively (collectively, "Defendant Currency").  Defendant Currency is now in the custody of the U.S. Marshals Service.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).  The Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

4. The Court has *in rem* jurisdiction over Defendant Vehicle and Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Eastern District of Texas.

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the district.

Basis for Forfeiture

6. Defendant Vehicle and Defendant Currency are subject to forfeiture pursuant to the following statutes:

   a. 21 U.S.C. § 881(a)(6), as proceeds traceable to an exchange of money, negotiable instruments, securities and other things of value for a controlled substance in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq.

   b. 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957, or property traceable to such property.

Facts

7. Defendant Vehicle and Defendant Currency are subject to forfeiture based on the following facts:

   a. The CSA governs the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," or to aid, abet or conspire with one or more others to do so.

   b. The CSA and its implementing regulations establish a closed system of distribution for drugs and other substances, which are defined by law as "controlled substances" and assigned to one of five schedules (schedule I, II, III, IV, or V) depending on the potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

   c. Hydrocodone is a generic name for a narcotic analgesic that is found in

**Verified Complaint–Page 3**

medications marketed under the brand names Vicodin®, Norco®, and Lortab®.  It is classified as a schedule III controlled substance.  Alprazolam is a generic name for a benzodiazepine prescription drug that is marketed under the brand name Xanax®.  It is classified as a schedule IV controlled substance.  Promethazine with codeine is a generic name for a prescription drug that is marketed under the brand name Phenergan®.  It is classified as a schedule V controlled substance.  Hydrocodone, alprazolam and promethazine with codeine are habit forming and are frequently diverted from legitimate medical channels to illegitimate uses.

    d. Under 21 C.F.R. § 1306.04(a), medical practitioners registered with DEA cannot issue a prescription except "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.  The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.  An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions relating to controlled substances."

    e. Niamatali is a medical doctor licensed by the state of Texas and registered with DEA.  He is not authorized to operate as a pain management clinic in the state of Texas.  He owns and practices at medical clinics located at 3225 West Pleasant Run Road, Suite 104, in Lancaster, Texas, and at 2121 Northwest Highway, Suite 103, in Garland, Texas.

Medically Unnecessary Prescriptions for Controlled Substances

f. On information and belief, Niamatali has written numerous prescriptions from the Lancaster and Garland clinics for controlled substances – namely, hydrocodone, alprazolam and promethazine with codeine – outside of the usual course of professional practice and without a medical necessity or legitimate purpose. Such prescriptions were filled at pharmacies in Lewisville, Texas, and at other locations in the Eastern District of Texas. On multiple occasions, single individuals brought groups of others to one of Niamatali's medical clinics, and all members of the group received identical prescriptions for hydrocodone, alprazolam and promethazine with codeine. A pattern of prescriptions for those controlled substances among groups is indicative of a network of illicit distribution.

g. Working in an undercover capacity, officers from police departments in Desoto and Lancaster, Texas, purchased prescriptions for hydrocodone, alprazolam and promethazine with codeine from Niamatali on multiple occasions between November 2010 and April 2011 at Niamatali's medical clinics. Niamatali prescribed the controlled substances outside the scope of a professional medical practice and without a legitimate medical need or purpose. For example, during one such purchase made on November 17, 2010, an undercover officer stated, "I don't have pain, I just have problems." Niamatali nonetheless prescribed hydrocodone, alprazolam and promethazine with codeine, the substances that were requested by the undercover officer. The undercover officers paid between $75 and $120 for each office visit.

h. Records from the Texas Department of Public Safety indicate that from September 24, 2008, to December 24, 2010, a period of time that largely predates the aforementioned undercover operation by officers from police departments in Desoto and

**Verified Complaint–Page 5**

Lancaster, Texas, approximately 73 percent of the controlled substance prescriptions written by Niamatali were for hydrocodone, alprazolam and promethazine.  These prescriptions were largely for the same quantity and strength as the controlled substance prescriptions written by Niamatali to undercover officers between November 2010 and April 2011.  Specifically, Niamatali wrote 10,269 prescriptions for 616,391 hydrocodone tablets, and approximately 86 percent of those prescriptions were for the highest dosage strength.  He wrote prescriptions for 190,188 alprazolam tablets, and approximately 98 percent of those prescriptions were for the strength most often diverted to illegitimate use.  Hydrocodone, alprazolam and promethazine were the controlled substances most commonly prescribed by Niamatali.

Defendant Vehicle

i. Defendant Vehicle represents proceeds that are traceable to the aforementioned conduct and property that was involved in, or traceable to property that was involved in, a laundering transaction.  On information received from Niamatali and Shirley Niamatali, Shirley Niamatali is Niamatali's office manager and handles "the books" and "deposits" from Niamatali's medical clinics.  All cash, credit card and insurance payments to the medical clinics are deposited in Compass Bank account numbers XXXX3654 and XXXX7342.  Niamatali purchased Defendant Vehicle in July 2009 for approximately $33,000 using a check drawn from one of the Compass Bank accounts.

Defendant Currency

j. Defendant Currency represents proceeds that are traceable to the aforementioned conduct and property that was involved in, or traceable to property that was involved in, a laundering transaction.  On information and belief, $300,000 was transferred in

**Verified Complaint–Page 6**

November 2010 from Niamatali's Compass Bank accounts to Pershing LLC/Sanders Morris Harris Inc. account number XXX-XX1129.  In April 2010, $30,000 was transferred from Compass Bank account number XXXX3654 to Pershing LLC/Sanders Morris Harris Inc. account number XXX-XX3794, and $6,000 was transferred from Compass Bank account number XXXX3654 to Pershing LLC/Sanders Morris Harris Inc. account number XXX-XX2987.  Subsequently, Defendant Currency, including $214,070.62 in United States Currency that was located in the Niamatali Residence, the aforementioned funds that were transferred to Niamatali's Pershing LLC/Sanders Morris Harris Inc. accounts, and funds in Niamatali's Compass Bank accounts, were seized.

<u>Potential Claimants</u>

8. The only known claimants to Defendant Vehicle and Defendant Currency are Habiboola and Shirley Niamatali.  Their interests are represented by attorney E. G. Morris, of the Law Office of E. G. Morris, 608 West 12th Street, Suite B, Austin, Texas 78701.  Another potential claimant may be Riad Niamatali.  He resides part-time at 10003 Hickory Crossing, Dallas, Texas 75243, and part-time at 5325 Bent Tree Forest Drive, # 2206, Dallas, Texas 75248.

<u>Claim for Relief</u>

9. Defendant Vehicle and Defendant Currency are proceeds that are traceable to Niamatali's efforts to write prescriptions for controlled substances outside of the usual course of professional practice and without a medical necessity or legitimate purpose.  Through those efforts, he aided, abetted, and conspired with one or more others to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 2 and 846.  Defendant Vehicle and Defendant Currency also were involved, or are traceable to property that was

involved, in transactions in violation of 18 U.S.C. §§ 1956 and 1957.

10. The United States respectfully requests that the Court forfeit Defendant Vehicle and Defendant Currency to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

          Respectfully submitted,

          JOHN M. BALES
          United States Attorney

          /s/ Richard J. Johnson
          RICHARD J. JOHNSON
          Assistant United States Attorney
          Kansas Bar No. 21353
          1800 Teague Drive, Suite 500
          Sherman, Texas 75090
          (903) 868-9454
          (903) 892-2792 (fax)
          Richard.J.Johnson@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Susannah F. Herkert, hereby state that:

1. I am a diversion investigator with the Drug Enforcement Administration.

2. I have read this complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*[signature]*
Susannah F. Herkert
Diversion Investigator
Drug Enforcement Administration

Dated: December 1, 2011.